IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN ARWIN HOUSTON, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:19-cv-02040-N (BT) |
| v. | § | No. 3:93-cr-00277-N-1 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Kevin Arwin Houston, a federal prisoner, received authorization from the Fifth Circuit Court of Appeals to file a successive motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, the District Court should DISMISS Houston's § 2255 motion because he fails to satisfy the requirements of 28 U.S.C. § 2255(h).

**Background**

In 1994, a jury convicted Houston of committing a Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) (count one) and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) (count two). The District Court sentenced him to total of 138 months'

imprisonment. Houston appealed his conviction and sentence, but the Fifth Circuit Court of Appeals dismissed the appeal. Houston also filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. *See Houston v. United States*, Case Number 3:02-cv-1338-H (N.D. Tex.). However, the District Court denied the motion with prejudice as time-barred. Later, Houston filed a second § 2255 motion, *see Houston v. United States*, Case Number 3:16-cv-3276-N-BN (N.D. Tex.), which the District Court transferred to the Fifth Circuit Court of Appeals for appropriate action. Houston only began serving his federal sentence on May 19, 2016, after he was released from the Texas Department of Criminal Justice (TDCJ), where he was serving an unrelated state sentence. Resp. 2 n.2 (CV ECF No. 11).[1]

On June 24, 2019, Houston submitted a *pro se* filing seeking relief under the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), that 18 U.S.C. § 924(c)(3)(B), § 924(c)'s "residual clause," is unconstitutionally vague.[2] (CR ECF No. 153.) The District Court construed

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to this civil action, Case Number 3:19-cv-2040-N-BT, and "CR ECF" refers to the underlying criminal action, Case Number 3:93-cr-277-N.
[2] *Davis* announced a new rule of constitutional law that applies retroactively on a first habeas motion. *United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019). Neither the Supreme Court nor the Fifth Circuit has held that *Davis* applies retroactively on a successive habeas petition. *Chavez v. United States*, 2021 WL 765764, at *2 n.19 (S.D. Tex. Feb. 25, 2021). The Government's position is that *Davis* applies retroactively to successive § 2255 motions, as well as first motions. Resp. 5 n.5 (CV ECF No. 11).

2

the filing as an unauthorized successive § 2255 motion and transferred it to the Fifth Circuit for appropriate action. (CR ECF No. 155.) On April 16, 2020, the Fifth Circuit granted Houston's motion for authorization to file a successive § 2255 motion. (CV ECF No. 6.) However, the Fifth Circuit qualified its consent as "tentative" and directed that "the district court must dismiss the motion without reaching the merits if it determines that Houston has failed to satisfy the requirements for filing the motion." Order 2 (CR ECF No. 436) (citing 28 U.S.C. § 2244(b)(4); *Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001)).

Here, Houston's sole argument is that the Supreme Court's decision in *Davis* entitles him to relief on his conviction under § 924(c) (count two). Mot. (CV ECF No. 2). In response, the Government argues that *Davis* does not affect Houston because his conviction on count two was not predicated on § 924(c)(3)(B), and he cannot prevail on the merits because *Davis* has no effect on his conviction under § 924(c). Resp. (CV ECF No. 11). Houston filed a reply. (CV ECF No. 14.) The motion is fully-briefed and ripe for determination.

**Legal Standards and Analysis**

A prisoner must satisfy two requirements before a court will hear a second or successive habeas motion on the merits. *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). First, the prisoner must obtain prior authorization for filing a second or successive motion in the district court.

3

28 U.S.C. § 2244(b)(3)(A). A Circuit Court may authorize a second or successive § 2255 motion if a prisoner shows:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [the movant] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §§ 2244(b)(3); 2255(h); *see also In re Fields*, 831 F. App'x 710, 710 (5th Cir. 2020) (per curiam). A three-judge panel of a United States Court of Appeals makes this determination before the prisoner can file his second or successive motion in the district court. 28 U.S.C. §§ 2244(b)(3), 2255(h).

Second, where a prisoner receives authorization to file a second or successive motion, he must then prove at the district court level that his claim satisfies one of those requirements. *United States v. Hernandez*, 830 F. App'x 147, 148 (5th Cir. 2020) (per curiam) (citing *Wiese*, 896 F.3d at 723; 28 U.S.C. § 2244(b)(4)). If the prisoner cannot make this showing, the district court lacks jurisdiction over the case and must dismiss the motion. *Wiese*, 896 F.3d at 723-24; *see also* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."). The Fifth Circuit reviews *de novo* challenges to the district court's findings of fact and

4

conclusions of law under § 2244(b)(4). *Hernandez*, 830 F. App'x at 148 (citing *Wiese*, 896 F.3d at 723 n.3; *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001)).

Houston sought authorization for filing his successive § 2255 by attempting to show that his motion implicates "a new rule of constitutional law." Specifically, he sought authorization based on the Supreme Court's holding in *Davis,* 139 S. Ct. at 2319, which held that the residual clause of § 924(c) is unconstitutionally vague.

To demonstrate a successive motion relies on the rule set forth in *Davis*, a movant must show that it was "more likely than not" that he was sentenced under the residual clause. *Diggs v. United States*, 2020 WL 2840246, at *4 (N.D. Tex. May 29, 2020). This requires the movant to show that the offense underlying his § 924(c) conviction was categorized as a crime of violence only under the residual clause, § 924(c)(3)(B). *Id.* (citing *United States v. Clay*, 921 F.3d 550, 554, 559 (5th Cir. 2019) (addressing a new rule established in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the prisoner must show that it was "more likely than not" that he was sentenced under § 924(e)'s residual clause)).[3] When making this determination, a court should look to the sentencing record for direct evidence of reliance, or lack of reliance, on the residual clause; the "relevant background legal

---

[3] In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's residual clause, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague.

5

environment that existed" at the time of sentencing; the Presentence Report (PSR); and any other relevant materials before the court. *Id.* (citing *Wiese, 896 F.3d at 724-25*).

A. This Court lacks jurisdiction over Houston's motion because he has not shown he was sentenced under § 924(c)(3)(B).

A prisoner attempting to file a second or successive habeas application must comply with strict procedural requirements before the district court can address the merits of the application. *See Wiese,* 896 F.3d at 723 (citing 28 U.S.C. §§ 2244(b)(3); 2255(h)).

Houston fails to demonstrate that he complies with the second requirement by demonstrating his motion is reliant on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(3); 2255(h). Specifically, he has not shown that his motion actually relies on *Davis*. He does not point to anything in the sentencing record as direct evidence of the District Court's reliance on § 924(c)'s residual clause; nor does he point to anything in the PSR, or any other materials before the Court, or the background legal environment when he was sentenced 28 years ago. Instead, he merely recites the holding of *Davis*. This fails to satisfy the requirements of § 2255(h), and thus the Court lacks jurisdiction and must dismiss his successive petition without reaching the merits. *Clay,* 921 F.3d at 554; *see Reyes-Requena,* 243 F.3d at 899 ("[T]he district must dismiss

the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion."); *see also* (CV ECF No. 6 at 1) ("[T]he district court must dismiss the motion without reaching its merits if the court determines that Houston has failed to satisfy the requirements of § 2255(h).").

B. Alternatively, Houston's motion fails on the merits because *Davis* has no effect on his § 924(c) conviction.

Count one of the indictment charged Houston with Hobbs Act robbery and conspiracy. The Supreme Court's holding in *Davis* did not invalidate § 924(c) convictions which are supported by a Hobbs Act robbery. In fact, the Fifth Circuit specifically affirmed the § 924(c) convictions at issue in *Davis* as predicated on a substantive Hobbs Act robbery. *See United States v. Davis*, 903 F.3d 483, 484-85 (5th Cir. 2018) (per curiam) (affirming § 924(c) convictions predicated on Hobbs Act robbery and relying on *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017), which held that Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s elements clause). The Supreme Court did not disturb that holding. *See Davis*, 139 S. Ct. at 2325, 2336. And on remand, the Fifth Circuit "continue[d] to affirm" the § 924(c) convictions based on a Hobbs Act robbery. *United States v. Davis*, 784 F. App'x 277, 278-79 (5th Cir. 2019) (per curiam). By contrast, conspiracy to commit Hobbs Act robbery does not qualify as a crime of

7

violence under § 924(c). *See United States v. Lewis,* 907 F.3d 891, 895 (5th Cir. 2018); *see also Reece,* 938 F.3d at 636 n.9. Thus, if Houston had been convicted for conspiracy to commit Hobbs Act robbery, rather than the robbery itself, *Davis* likely would entitle him to relief.

In this case, however, the Court's jury instructions precluded a conviction based on conspiracy. The jury instructions specifically required them to find that Houston used or threatened "force" before it could find him guilty. At Houston's trial, the Court instructed the jury as follows:

> For you to find the Defendant guilty of the crime charged in Count 1, you must be convinced that the Government has proved each of the following elements beyond a reasonable doubt:
>
> <u>First</u>*:* that the Defendant willfully and intentionally took property from another's person or presence against the person's will;
>
> <u>Second</u>: that the Defendant did so by actual or threatened force, violence, or fear; and
>
> <u>Third</u>: that the Defendant's conduct obstructed, delayed, or affected interstate commerce.

App. 12-13 (CV ECF No. 12). The elements set forth in Houston's jury instructions required the jury to find that he committed Hobbs Act robbery, as charged in count one of the indictment. Even following the Supreme Court's decision in *Davis*, Hobbs Act robbery remains a crime of violence that supports a § 924(c) conviction. *See Branham v. McConnell,* 2021 WL 5175034, at *1 (5th Cir. Nov. 5, 2021) (per curiam) ("The predicates for

8

Branham's § 924(c) convictions are substantive Hobbs Act robberies, which are crimes of violence under § 924(c)(3)(A) (elements clause).") (citing *United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018); *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016)); *see also Buck*, 847 F.3d at 274-75 (holding that Hobbs Act robbery is a crime of violence under the elements clause and therefore may serve as a predicate conviction for a sentence under § 924(c)(1)(A)(ii)). The jury had to find all the elements of a Hobbs Act robbery to find Houston guilty as charged in count one, and they could not have convicted him on count one based on conspiracy to interfere with commerce by robbery. *See In re Price*, 964 F.3d 1045, 1049 (11th Cir. 2020) ("[W]e must presume that when the jury found Price guilty of the § 924(c)(1)(A)(ii) charges, it followed the court's instructions and predicated those findings on the two bank robbery charges; the jury necessarily found that Price committed the two robberies."); *see also Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions.") (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). For these reasons, the record demonstrates that Houston's § 924(c) conviction was supported by a Hobbs Act robbery, and the Supreme Court's decision in *Davis* offers him no relief.

**Recommendation**

The Court should DISMISS Houston's successive § 2255 motion.

Signed March 16, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

10